# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

April 11, 2019

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, New York 10007

    Re:    *United States v. Brian Bacon*, 11 Cr. 134 (KPF)

Dear Judge Failla:

    On behalf of defendant Brian Bacon, we respectfully submit this letter in advance of his sentencing in the above-referenced Violation of Supervised Release ("VOSR") proceeding, which is scheduled to take place on April 18, 2019.

    As the Court is aware, this matter is before Your Honor because in January 2019, Mr. Bacon wrote a letter to Judge Scheindlin, to whom his case was previously assigned, in which he asked that the federal detainer lodged against him be lifted, in order that he might be eligible for a work release program. Dkt. 5. This Court, to whom Mr. Bacon's case was reassigned, ordered the United States Attorney's Office to make arrangements to have Mr. Bacon transferred to federal custody for the purpose of allowing his concerns to be heard. Dkt. 7. Accordingly, the U.S. Marshals Service took custody of Mr. Bacon on or about March 21, 2019.

    On March 29, 2019, during his first appearance before this Court, Mr. Bacon pleaded guilty to Specification #2 of the Violation Report dated April 15, 2015, which was factually premised on Mr. Bacon's state conviction described below. For the following reasons, we respectfully request that the Court impose no additional term of incarceration for the instant VOSR. In the alternative, should the Court impose a custodial sentence, we respectfully request that any such sentence run concurrently with Mr. Bacon's current state sentence.

## Background

    In 1995, when he was 33 years old, Mr. Bacon was charged in the Eastern District of Virginia with one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Mr. Bacon pleaded guilty and proceeded to sentencing. Although Mr. Bacon had two prior state robbery convictions – one at age 17, and the other at age 21 – the district judge sentenced Mr. Bacon well below the applicable guideline range of 262 to 327 months under the career offender guideline, to 150 months' imprisonment and five years' supervised release, on the grounds that he did not believe Mr. Bacon to be a career offender. The government appealed, and the U.S. Court of Appeals for the Fourth Circuit reversed, holding

Hon. Katherine Polk Failla
April 11, 2019
Page 2

that, under the then-mandatory Sentencing Guidelines, the district court had no authority to disregard one of Mr. Bacon's prior convictions and sentence him outside of the career offender guideline.  *See United States v. Bacon*, 94 F.3d 158, 161-62 (4th Cir. 1996).  On remand, the district judge resentenced Mr. Bacon to 210 months' imprisonment and five years' supervised release.  Mr. Bacon was released from custody on June 29, 2010, commencing his five-year period of federal supervision.[1]

In March 2015, approximately three months before the expiration of his period of supervised release, Mr. Bacon was arrested on state drug distribution charges, which form the basis of the instant VOSR.  Shortly afterwards, on May 21, 2015, Mr. Bacon pleaded guilty to a violation of N.Y. Penal Law § 220.77, which ordinarily carries a minimum sentence of 15 years' imprisonment and a maximum sentence of life.  On or about July 10, 2015, in light of several mitigating factors relating to the crime of conviction, including Mr. Bacon's speedy acceptance of responsibility, expression of remorse, and cooperation with state probation department and court system, the sentencing judge imposed a term of 12 years' imprisonment and five years' post-release supervision.

<u>Discussion</u>

A. Mr. Bacon's 12-Year State Sentence Sufficiently Addresses
<u>Both the Underlying Crime and His Violation of Supervised Release</u>

We respectfully submit that the severity of state sentence imposed for Mr. Bacon's underlying crime obviates the need for any additional term of imprisonment on the instant VOSR.  While we acknowledge that Mr. Bacon's violation of the terms of his supervised release constitutes a separate offense, for which separate punishment is usually warranted, Mr. Bacon's 12-year state sentence represents a substantial term of imprisonment that serves as adequate punishment for both offenses under the circumstances present here.  The expiration date of Mr. Bacon's term of imprisonment is March 22, 2027; his conditional release date is July 2, 2025, and he is expected to have a parole hearing in August 2023.  In short, Mr. Bacon still has years to go on his state prison sentence.  We submit that his lengthy state sentence appropriately serves the punitive goals of the criminal justice system, and any additional consecutive custodial sentence imposed as a result of the instant VOSR would be at odds with the "rehabilitative ends" of federal supervised release, as "distinct from those served by incarceration."  *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also United States v. Granderson*, 511 U.S. 39, 50 (1994) ("Supervised release, in contrast to probation, is not a punishment in lieu of incarceration.").

B. Mr. Bacon's History and Characteristics Support an
<u>Argument for No Additional Term of Imprisonment</u>

Mr. Bacon's personal history and characteristics, including his rehabilitation during his current term of incarceration, and his relatively advanced age, further support our argument that an additional term of imprisonment is unwarranted.

---

[1] Mr. Bacon's supervision was transferred to this District in 2011.  *See* Dkt. 1.

Hon. Katherine Polk Failla
April 11, 2019
Page 3

      While incarcerated on his state conviction, Mr. Bacon has made significant strides in the right direction.  Authorities at Green Haven Correctional Facility confirm that Mr. Bacon has not received any misbehavior reports during the current period of incarceration.  He has been as productive as possible while in prison, currently participating in a computer repair vocational class and working as an inmate mobility assistant (assisting other inmates who are disabled, such as those in wheelchairs).  Attached hereto as Exhibit 1 are Mr. Bacon's work evaluations, which indicate that he has consistently maintained employment while serving his state sentence, and is, in the words of one assessment, "self motivated," "reliable, punctual, . . . able to adapt [to] working with inmates with group staff and officers," and "follows directions."  Ex. 2 at 1.  Having previously obtained an associate's degree while in prison, Mr. Bacon intends to continue make progress towards rehabilitation.  With limited options available at his current maximum-security facility, Mr. Bacon's short-term goal is to obtain a transfer to a medium-security facility where he can undertake a program to obtain a bachelor's degree or take advantage of additional vocational training.

      As he stated in his January 24, 2019 letter, Mr. Bacon hopes to obtain work release in 2021.  He has a substantial prospect of future employment, as demonstrated by the attached letter from Herbert Morales, a program director at a homeless shelter who confirms his ability to employ Mr. Bacon at his facility, should Mr. Bacon qualify for work release.  *See* 4/5/19 Letter to the Court, attached hereto as Exhibit 2.  Another friend of Mr. Bacon's, who currently operates a real estate company, has also confirmed orally to counsel that he would not hesitate to hire Mr. Bacon.  Mr. Bacon's prior employment as a union laborer after his release from his federal custody in 2010 further demonstrates his willingness and ability to maintain employment.

      Our understanding, which we believe the Probation Department shares, is that any consecutive sentence imposed by this Court would likely make Mr. Bacon ineligible for a state work release program in 2021, thereby effectively extending his state custodial sentence until 2023, to be followed by the term of federal imprisonment.  We respectfully submit that such an outcome is inconsistent with the rehabilitative purpose of supervised release and the strong relationship between gainful employment and a lack of recidivism.

      We also note that Mr. Bacon was first arrested in connection with his federal case in 1995 at the age of 33.  Now, nearly a quarter-century later, Mr. Bacon is 56 years old and, therefore, statistically speaking, far less likely to reoffend than younger defendants.  *See, e.g., United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at p. 12 (2004) ("Recidivism rates decline relatively consistently as age increases.").  If Mr. Bacon is successful in obtaining work release in 2021, he will be 58 years old when released into such a program.  In this circumstance, and in light of Mr. Bacon's prior successful period of employment, we submit that the likelihood of his reoffending is very low.  Accordingly, the imposition of a consecutive term of incarceration by this Court will only hamper Mr. Bacon's ability to rejoin society and rebuild his life while he is still able to be productively employed.

Hon. Katherine Polk Failla
April 11, 2019
Page 4

      C.  <u>Mr. Bacon's Criminal History is Overstated</u>

Finally, it bears mention that Mr. Bacon persists in his challenge to his designation as a career offender, to the extent it is predicated on a 1984 state robbery conviction, which effectively extended his federal sentence by five years beyond the initial sentence imposed by the district court. While we concede that this VOSR proceeding is not the appropriate forum in which to seek relief on this point, we note that Mr. Bacon intends to challenge this state conviction on grounds of actual innocence in the foreseeable future based on newly-discovered witness testimony obtained within approximately the last six months. And, while the Fourth Circuit concluded that under the then-mandatory Sentencing Guidelines the district judge had no authority to disregard Mr. Bacon's status as a career offender, after *United States v. Booker*, 543 U.S. 220 (2005), a district judge would have had greater discretion with respect to the ultimate sentence imposed. We respectfully submit that, consistent with the district court's finding in connection with Mr. Bacon's original sentence, his criminal history remains overstated even today.

<u>Conclusion</u>

Based upon the foregoing, we respectfully request that the Court impose no additional term of imprisonment for the instant violation of supervised release, or, in the alternative, impose a brief term of imprisonment to run concurrently with Mr. Bacon's current state sentence.

                                              Respectfully submitted,

                                              PETRILLO KLEIN & BOXER LLP

                                              By:  /s/ Amy Lester
                                                    Amy Lester
                                                    Leonid Sandlar
                                                    655 Third Avenue, 22nd Floor
                                                    New York, New York 10017
                                                    Telephone: (212) 370-0330
                                                    Facsimile: (212) 370-0391

                                                   *Counsel for Brian Bacon*

Attachments

cc:  Benjamin Woodside Schrier
     Assistant United States Attorney

     Kevin R. Mulcahy
     Supervisory U.S. Probation Officer
     (By Email)